UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRAHAM MEDICAL TECHNOLOGIES, LLC,
a Michigan limited liability company, d/b/a
GRAMEDICA,

                Plaintiff,

v

AKRON MEDICAL, INC., Nevada corporation
d/b/a AMI,

                Defendant.

_____/

Case No. 2:09-cv-14905
Hon. Lawrence P. Zatkoff

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 6, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter comes before the Court on Defendant's motion for stay of proceedings and Rule 56(f) motion to continue Plaintiff's motion for summary judgment [dkt 15]. Plaintiff timely submitted a response brief, but Defendant did not timely submit a reply brief. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1 (f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendant's motion is DENIED.

## II. BACKGROUND

Plaintiff, a developer and manufacturer of medical devices for feet and ankles, entered into an agreement with Defendant in February 2008 for the sale and distribution of Plaintiff's products. The parties agreed that, upon termination of the agreement, Defendant would return the products to Plaintiff. Defendant was entitled to commissions under the terms of the agreement, and was also designated as Plaintiff's exclusive distributor in certain counties of Ohio and Indiana.

Plaintiff terminated the agreement in May 2009. Defendant claimed that it returned the inventory in its possession, but Plaintiff claimed that numerous items were still missing. In July 2009, Plaintiff filed a complaint in the Macomb Circuit Court, alleging that Defendant failed to return $165,570 of Plaintiff's goods and that these goods were owing to Plaintiff under the agreement. Plaintiff asserts that the following sequence of events occurred:

1. In the early fall of 2009, the parties engaged in several settlement conferences, and Plaintiff agreed to permit Defendant multiple extensions of time in which to answer the complaint.

2. On November 12, 2009, Plaintiff filed an amended complaint, adding Robert Hastings as a Defendant.

3. On December 4, 2009, Defendant and Hastings answered the complaint.

4. On December 18, 2009, Hastings removed the case to federal court, later filing a motion to dismiss for lack of personal jurisdiction.

5. In January 2010, in order to expedite the litigation, Plaintiff agreed to dismiss its claims against Hastings, provided that Defendant grant Plaintiff discovery in advance of the scheduling conference and produce Hastings for deposition. At Defendant's

2

suggestion, the parties agreed that Defendant would designate a corporate representative in lieu of committing to produce Hastings for deposition.

6. On February 19, 2010, the Court entered a stipulated order dismissing Hastings without prejudice and allowing discovery to commence in advance of the scheduling conference.

7. From February to May 2010, Plaintiff made multiple attempts to depose Defendant's corporate representatives, eventually agreeing on May 13, 2010, as the deposition date.

8. On May 11, 2010, Plaintiff learned that Hastings suffered a stroke and was in a coma.

9. On May 14, 2010, Plaintiff served Defendant with written discovery requests, as well as its own initial disclosures.

10. In June and July of 2010, Plaintiff gave Defendant multiple extensions of time to serve answers to its written discovery requests, and agreed to not take action related to Defendant's outstanding answers to Plaintiff's requests to admit. Plaintiff also agreed to grant Defendant another extension to answer written discovery requests, provided that Defendant designate a new corporate representative to depose.

On July 30, 2010, Plaintiff filed its summary judgment motion. On August 6, 2010, the Court held a scheduling conference, which counsel for both parties attended. In lieu of responding to Plaintiff's motion for summary judgment, Defendant filed a motion to stay the proceedings and continue Plaintiff's motion until February 2011. Defendant asserts that it has been steadily "winding down" its business to the point that it no longer has any ongoing operations and has only one

employee, Hastings. Defendant asserts that Hastings is the only person who can refute Plaintiff's claims, but that due to the stroke he suffered on May 11, 2010, and his current treatment plan, he will be incapable of participating in this litigation until February 2011. Thus, Defendant argues, it is unable to respond to Plaintiff's motion or pursue its defenses until Hastings is able to participate in the proceedings. Plaintiff responds that this case involves a contract dispute, of which neither party claims to be ambiguous, and that Hastings's testimony is not essential to respond to its summary judgment motion because the terms of the contract govern the dispute.

## III. ANALYSIS

**A.      Continuance of Summary Judgment Motion**

A continuance of a summary judgment motion is proper if the party opposing the motion "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(f). A continuance cannot be granted unless the motion is accompanied by an affidavit indicating the moving party's "need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).

While Defendant contends that it is unable to respond to Plaintiff's summary judgment motion due to Hastings's unavailability, Defendant fails to indicate what material facts it hopes to uncover through Hastings's deposition testimony, and why it has not previously discovered that information. *See Cacevic*, 226 F.3d at 488. Therefore, the Court finds that Defendant has failed to meet the requirements for granting a continuance of Plaintiff's summary judgment motion pursuant to Fed. R. Civ. P. 56(f). Accordingly, Defendant's motion for a continuance is denied.

**B.      Stay of Proceedings**

Fed. R. Civ. P. 16(b)(4) permits the Court to modify its scheduling order for good cause and with the Court's consent. Good cause is determined by examining the moving party's diligence and "whether the opposing party will suffer prejudice by virtue of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

The Court finds that Defendant has failed to present good cause for an extension of the scheduling order dates. Although the Court recognizes that Hastings is not capable of assisting his attorney at the present time and that Hastings is Defendant's only employee, Defendant has not established that it has been diligent in defending this case. Hastings's stroke occurred on May 11, 2010—more than ten months after Plaintiff filed its complaint. In the meantime, Defendant managed to delay in filing an answer to Plaintiff's complaint, remove the case to federal court, and avoid participating in discovery concerning Hastings despite the parties' agreement to permit discovery in advance of the scheduling conference.

Moreover, the Court finds that staying the proceedings until February 2011 will result in undue prejudice to Plaintiff. Plaintiff filed this lawsuit to ensure that Defendant returns Plaintiff's medical devices. In the meantime, Plaintiff believes that these medical devices are continuing to be implanted into people's bodies around the country. Plaintiff asserts that it is required by the Food and Drug Administration to track its medical devices, and the longer they go missing, the more difficult it will be for Plaintiff to do so. Therefore, Defendant's motion to stay the proceedings is denied.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that Defendant's

motion for stay of proceedings and Rule 56(f) motion to continue Plaintiff's motion for summary judgment [dkt 15] is DENIED.

IT IS SO ORDERED.

    S/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated: October 6, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 6, 2010.

    S/Marie E. Verlinde
    Case Manager
    (810) 984-3290