**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GRAHAM MEDICAL TECHNOLOGIES, LLC,
a Michigan limited liability company, d/b/a
GRAMEDICA,

                        Case No. 2:09-cv-14905
        Plaintiff,       Hon. Lawrence P. Zatkoff

v.

AKRON MEDICAL, INC., Nevada corporation
d/b/a AMI,

        Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 18, 2011

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
                    UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's motion for summary judgment and for dismissal of Defendant's counterclaims [dkt 13]. On February 2, 2011, the Court granted Defendant's motion to stay Plaintiff's summary judgment motion for sixty days due to the stroke of Defendant's sole employee, Robert Hastings. Defendant asserted that it could not refute Plaintiff's allegations without Hastings's participation, which could not occur until his medical treatment progressed. On March 22, 2011, the Court granted Defendant's counsel's motion to withdraw as attorney for Defendant and ordered Defendant to obtain new counsel within twenty days. The Court also ordered

that the Court's February 2, 2011, order remained in effect, such that Defendant's supplemental response to Plaintiff's pending motion for summary judgment remained due by April 11, 2011. The April 11, 2011, deadline has elapsed and Defendant has not retained new counsel or supplemented its response to Plaintiff's summary judgment motion. Therefore, the Court will now address Plaintiff's motion, which has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1 (f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

Plaintiff is a developer and manufacturer of medical devices for feet and ankles. On February 15, 2008, Plaintiff entered into an Independent Representative Agreement ("Agreement") with Defendant for the sale and distribution of Plaintiff's devices. Plaintiff provided its medical devices, as well as demonstration models and training manuals (collectively, "the inventory"), to Defendant on consignment. Defendant would receive commissions based on sales. With respect to termination, the Agreement provided:

> This Agreement may be terminated by either party with thirty (30) days notice for any reason and without cause. All products and other property of [**Plaintiff**] must be returned within seven (7) working days to [**Plaintiff**] upon receipt of any notice of termination.
>
> If all products and property of [**Plaintiff**] are not returned within those seven (7) working days, we reserve the right to withhold [**Defendant's**] commission checks until inventory is returned. If any of the inventory has been lost or misplaced, you will be charged for the missing items.

The Agreement also provided that Defendant had the exclusive right to sell the devices within the

territory of Indiana and Ohio.

After the Agreement was executed, Plaintiff implemented a new inventory management system to better track and collect outstanding inventory. Pursuant to the new management system, Plaintiff began requesting that its sales representatives return outstanding inventory being held on consignment. On December 11, 2008, Plaintiff sent a letter to Defendant describing the new management system and requesting that Defendant return its inventory by December 26, 2008. According to Plaintiff, Defendant failed to respond to the letter, prompting Plaintiff to send a follow-up letter on May 4, 2009. On May 28, 2009, purportedly after receiving no meaningful response from Defendant, Plaintiff notified Defendant in writing that it was terminating the Agreement and demanded that all inventory be returned to Plaintiff within seven working days. Pursuant to the Agreement, the termination became effective on June 27, 2009. Plaintiff asserts that Defendant returned some of its outstanding inventory after Plaintiff commenced this lawsuit, but that $164,570 worth of inventory has not been returned. In response, Plaintiff has withheld $9,468 in commission checks earned by Defendant. In its complaint, Plaintiff states claims for (1) breach of contract, (2) claim and delivery, and (3) conversion.

Defendant responds that it has returned all inventory to Plaintiff. Defendant has also filed counterclaims alleging that Plaintiff (1) breached the Agreement by withholding commission checks, (2) breached the Agreement's exclusivity provision by selling medical devices to various providers in Ohio and Indiana, and (3) has been unjustly enriched.

### III. LEGAL STANDARD

**A. Summary Judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party must support its assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or;
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex*, 477 U.S. at 323. The moving party discharges its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325)).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

4

**B. Dismissal**

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

### IV.  ANALYSIS

**A. Plaintiff's Claims**

Plaintiff seeks an order of summary judgment with respect to its claims for breach of

contract, claim and delivery, and conversion. The determination of each claim depends largely on whether there is a genuine dispute with respect to whether Defendant returned to Plaintiff the inventory in question.

### 1. Breach of Contract/Claim and Delivery

"Under Michigan law, the elements of a breach of contract claim are: (1) the existence of a contract between the parties, (2) the terms of the contract require performance of certain actions, (3) a party breached the contract, and (4) the breach caused the other party injury." *Burton v. William Beaumont Hosp.*, 373 F.Supp.2d 707, 718 (E.D. Mich. 2005) (citing *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999)). To prevail on a claim and delivery claim, Plaintiff must prove that Defendant unlawfully took or detained goods or personal property, to which Plaintiff has a right to possess. Mich. Comp. Laws § 600.2920; Mich. Court Rule § 3.105(A).

In this case, there is no dispute that (1) the parties entered into a valid contract, (2) both parties had the right to terminate the Agreement with thirty (30) days notice for any reason and without cause, (3) Plaintiff had the right to demand the return of its inventory upon termination, and (4) the terms of the contract required Defendant to return the inventory to Plaintiff within seven working days of termination. The only dispute with respect to Plaintiff's claims for breach of contract and claim and delivery is whether Defendant returned the inventory in question to Plaintiff. According to Plaintiff, $164,570 worth of inventory has not been returned. In support of this assertion, Plaintiff has produced the following evidence: (1) copies of the consignment agreements and shipping documents evidencing that Plaintiff shipped the inventory to Defendant; (2) a spreadsheet summary of all outstanding inventory; and (3) the affidavit of Plaintiff's Director of Operations, Maria Recchia, in which Recchia declares that Defendant has failed to return $164,570

6

worth of inventory.

In its response, Defendant claims that it has returned all of the inventory in question. The sole piece of evidence relied upon by Defendant in support of this assertion is the declaration of Hastings, in which Hastings declares that "[s]ubsequent to filing the complaint, [Defendant] returned all remaining inventory, samples, trays and other medical products to [Plaintiff.]" Hastings's declaration further states:

> Because of a stroke, I have not been able to review the documents and exhibits attached to the motion for summary judgment filed by [Plaintiff]. Also, because of the stroke, I have not been able to gather documents and information relative to [Defendant]'s defenses to the complaint and relative to [Defendant]'s counterclaim. While I am able to review this declaration with my local Dallas Counsel, I have not been able to participate further in this action. I anticipate that I will continue my recovery and will be able to conduct the necessary review of documents and materials supporting [Defendant]'s defense to the complaint and the claims alleged in the counterclaim.

The Court, however, finds that Hastings's declaration, which offers little more than conclusory allegations, fails to demonstrate a genuine dispute as to whether Defendant returned the inventory. *See Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) ("[T]he party opposing summary judgment must show that she can make good on the promise of the pleadings by laying out enough evidence that will be admissible at trial to demonstrate that a genuine issue on a material fact exists, and that a trial is necessary."); *Sigmon v. Appalachian Coal Props., Inc.*, No. 08-6258, 2010 U.S. App. LEXIS 19493, at *14–15 (E.D. Mich. Sept. 17, 2010) ("Given this dearth of specifics, it cannot be said that the affidavits offer anything beyond conclusory allegations and bald conclusions of law. Therefore, the affidavits alone are insufficient to create a genuine issue of material fact as to the existence of an oral sales agreement."). Furthermore, Fed. R. Civ. P. 56(c)(4) requires that "[a]n affidavit or declaration used to support or oppose a motion must be made on

personal knowledge, [and] set out facts that would be admissible in evidence . . . ." Given Hastings's medical condition and his admission that he has not been able to review any documents or exhibits necessary to defend against Plaintiff's motion, it is unclear to the Court how Hastings's declaration that Defendant has returned *all* inventory to Plaintiff is based on his personal knowledge. Hastings's declaration also fails to set out facts that would be admissible at trial, as it contains nothing more than allegations. Thus, the Court finds Hastings's declaration to be of little value to the present inquiry.

Defendant also claims that Plaintiff's evidence fails to demonstrate the absence of a genuine dispute with respect to whether Defendant returned the inventory. First, Defendant argues that Plaintiff's inventory procedures are unreliable based on the following notation in Plaintiff's inventory spreadsheet: "Additional 16 items returned that were not signed out to [Defendant]." Unfortunately, Defendant declined to elaborate on the significance of this notation. It seems to the Court that the notation reflects an error that may have occurred at the time the items were delivered to Defendant, in that Plaintiff did not properly "sign out" the items. However, it does not follow that the notation renders Plaintiff's inventory spreadsheet unreliable; the notation suggests that whatever error occurred was resolved favorably to Defendant in that Plaintiff acknowledged the return of the items. Moreover, Defendant does not argue that the notation is inaccurate.

Next, Defendant argues that there is only one affidavit attached to Plaintiff's motion, and that the affidavit fails to authenticate several of Plaintiff's exhibits, including Plaintiff's inventory spreadsheet. As a result, Defendant argues that the Court should not consider such evidence. In its reply, however, Plaintiff produces the declaration of Michaeleen Bartolone, an employee of Plaintiff whose job duties include keeping track of Plaintiff's inventory and compiling and maintaining

shipping invoices and "replacement implant sheets." In her declaration, Bartolone verifies that (1) "[t]he records of all inventory provided by [Plaintiff] to [Defendant] are contained in Exhibit G to Plaintiff's motion for summary judgment," (2) Plaintiff's documents evidence that Plaintiff shipped the inventory described in the documents, (3) the documents are kept by Plaintiff in the ordinary course of its business operations, and (4) Bartolone, or someone under her direct supervision, is responsible for maintaining those documents. Bartolone further declares that she prepared the inventory spreadsheet with the assistance of Plaintiff's counsel and that it accurately reflects the inventory that Defendant has not returned. Therefore, the Court is satisfied that Plaintiff's documents are authentic and substantiated, and the Court will consider them in connection with Plaintiff's motion.

Lastly, Defendant claims that Recchia's affidavit is inaccurate according to its own terms because Recchia states that "[Defendant] failed to respond" to a letter sent by Plaintiff on December 26, 2008. According to Defendant, this statement is contradicted by Exhibit 2 to Recchia's affidavit—Plaintiff's May 4, 2009, letter to Defendant—which states: "Please know that your voice mails and emails have not gone unnoticed." Defendant asserts that this is clear proof that Defendant did respond to Plaintiff's December 26, 2008, letter, and suggests that this should cause the Court to question the accuracy of the remainder of Recchia's affidavit. However, the Court does not agree that the statement in the May 4, 2009, letter renders the affidavit inaccurate. In her affidavit, Recchia does not state that the parties never communicated; she merely states that Defendant did not respond to a particular letter. While Defendant may have sent voice mails and emails to Plaintiff, Defendant has not demonstrated that those communications were responsive to the December 26, 2008, letter. Thus, Defendant has failed to show that the alleged statement in

Recchia's affidavit is inaccurate, and the Court will not disregard the affidavit for that reason.

Accordingly, the Court finds that Defendant has failed to demonstrate that a genuine dispute exists with respect to whether Defendant returned the inventory in question. Since this is the only issue disputed by Defendant, the Court will grant Plaintiff summary judgment on its claims for breach of contract and claim and delivery.

*2. Conversion*

The tort of conversion is defined as "'any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein.'" *Prime Fin. Servs. LLC v. Vinton*, 279 Mich. App. 245, 275 (2008) (quoting *Foremost Ins. Co. v Allstate Ins. Co.*, 439 Mich. 378, 391 (1992)). In addition to its claims for breach of contract and claim and delivery, Plaintiff asserts a claim for conversion based on Defendant's failure to return its inventory. Plaintiff also seeks treble damages for the alleged conversion. Defendant objects to Plaintiff's conversion claim on three grounds: (1) Defendant asserts that there is a genuine dispute as to whether it returned the inventory in question; (2) Defendant asserts that Plaintiff cannot maintain causes of action for breach of contract and the tort of conversion; and (3) Defendant asserts that treble damages are punitive in nature and may not be recovered for a breach of contract when the parties did not anticipate such damages. For the reasons discussed in Part IV(A)(1), *supra*, the Court finds that Defendant has failed to demonstrate the existence of a genuine dispute as to whether it returned the inventory in question to Plaintiff. The Court will now examine whether Plaintiff may recover under both contract and tort theories, and whether treble damages are available to Plaintiff.

As Defendant points out, "the law in Michigan is well-settled that an action in tort requires a breach of duty separate and distinct from a breach of contract." *Sudden Serv. v. Brockman*

10

*Forklifts, Inc.*, 647 F. Supp. 2d 811, 815 (E.D. Mich. 2008) (quoting *Brock v. Consol. Biomedical Labs*, 817 F.2d 24, 25 (6th Cir. 1987) (citing *Haas v. Montgomery Ward & Co.*, 812 F.2d 1015 (6th Cir. 1987)). *See also Hart v. Ludwig*, 347 Mich. 559, 565 (1956) ("[I]f a relation exists which would give rise to a legal duty without enforcing the contract promise itself, the tort action will lie, otherwise not."). According to Defendant, Plaintiff may not recover for the tort of conversion because Defendant's duty to return the inventory is governed by the Agreement, and that without the existence of the Agreement, Defendant would have no duty to return the inventory.

"The distinction between tort and contract liability, as between parties to a contract, has become an increasingly difficult distinction to make." Prosser & Keaton, TORTS § 92 at 655 (5th ed. 1984).

> Tort obligations are in general obligations that are imposed by law on policy considerations to avoid some kind of loss to others. They are obligations imposed apart from and independent of promises made and therefore apart from any manifested intention of parties to a contract or other bargaining transaction. Therefore, if the alleged obligation to do or not to do something that was breached could not have existed but for the manifested intent, then contract law should be the *only* theory upon which liability would be imposed.
>
> * * *
>
> [An] exception arises where the contract results in or accompanies some relation between the parties which the law recognizes as giving rise to a duty of affirmative care. The typical case is that of a bailment, where the bare fact that the defendant has possession of the plaintiff's property is enough to create the duty, and it would exist if there were no contract at all . . . .

*Id.* at 656, 663. *See also Sherman v. Sea Ray Boats, Inc.*, 251 Mich. App. 41, 51 (2002) (relying on Prosser & Keaton for the distinction between tort and contract liability).

While Defendant undertook a contractual obligation to return Plaintiff's inventory upon

11

Plaintiff's request following termination of the Agreement, Defendant's failure to return the inventory breached a duty separate and distinct from the breach of contract. Given the bailment situation, in which Defendant was entrusted with Plaintiff's inventory, Defendant had a separate tort obligation to refrain from taking actions inconsistent with Plaintiff's ownership interest in the inventory, which would exist if there were no contract at all. Therefore, the Court finds that Plaintiff may maintain a conversion claim in addition to its breach of contract claim. Since Defendant does not raise any additional defenses to this claim, summary judgment is appropriate.

However, the Court finds that Plaintiff is not entitled to treble damages. Treble damages are available for statutory conversion, which is distinct from the tort of conversion. Statutory conversion is governed by Mich. Comp. Laws § 600.2919(a):

> (1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:
>
> (a) Another person's stealing or embezzling property or converting property to the other person's own use.

In order for Plaintiff to prevail on its statutory conversion claim, Plaintiff must prove that the inventory was stolen, embezzled, or converted to Defendant's own use. While Plaintiff has presented evidence showing that Defendant has failed to return its inventory—an act inconsistent with Plaintiff's ownership interests sufficient to prove common law conversion—Plaintiff has failed to demonstrate that the inventory was stolen, embezzled or converted to Defendant's own use for purposes of statutory conversion. In fact, Plaintiff has presented no argument or evidence with respect to what has happened to the inventory and, by all accounts, neither party is aware of the inventory's location at this point. Thus, Plaintiff has failed to demonstrate that it is entitled to summary judgment with respect to its statutory conversion claim. Accordingly, Plaintiff is not

entitled to treble damages at this stage of the proceedings.

**B. Defendant's Counterclaims**

*1. Breach of Contract*

Defendant first claims that Plaintiff breached the Agreement by withholding commission checks. This issue, however, requires the existence of a genuine dispute over whether Defendant returned the inventory to Plaintiff because the Agreement provided that Plaintiff may withhold commission checks until inventory is returned. As discussed in Part IV(A)(1), *supra*, Defendant has failed to demonstrate the existence of a genuine dispute as to this fact. Therefore, Plaintiff's motion for summary judgment is granted with respect to Defendant's counterclaim for breach of contract based on Plaintiff's withholding of the commission checks.

Defendant also claims that Plaintiff breached the Agreement by selling medical devices directly to various providers in Ohio and Indiana in alleged violation of the Agreement's exclusivity provision. Defendant bases this assertion entirely on Hastings's declaration, which provides the following:

> And upon information and belief, during the term of the Agreement, [Plaintiff] failed to honor the exclusivity provision contained in Section 2 of the Agreement by selling the medical products directly to various medical providers within Ohio and Indiana and thereby bypassing [Defendant].

However, for the reasons discussed in Part IV(A)(1), *supra*, the Court finds that Hastings's declaration, which offers little more than conclusory allegations, is insufficient to demonstrate a genuine dispute as to whether Plaintiff violated the exclusivity provision. Therefore, Plaintiff's motion for summary judgment is granted with respect to Defendant's claim that Plaintiff breached the Agreement's exclusivity provision.

*2. Unjust Enrichment*

Plaintiff also argues that Defendant's unjust enrichment claim is inapplicable because there is an express contract between the parties, and that courts are not to imply contracts where there is an express contract covering the same subject matter. *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 478 (2003) (noting that "the law will imply a contract in order to prevent unjust enrichment," but that "a contract will be implied only if there is no express contract covering the same subject matter.") (citing *Martin v. East Lansing Sch. Dist.*, 193 Mich. App. 166, 177 (1992)).

Defendant does not deny that an express contract covers the subject matter of the parties' dispute, nor does Defendant rebut or otherwise respond to Plaintiff's argument that the unjust enrichment claim should be dismissed. Accordingly, Defendant's counterclaim for unjust enrichment is dismissed for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

*3. Sanctions*

In addition to dismissing Defendant's counterclaims under Fed. R. Civ. P. 12(b)(6) and 56(c), Plaintiff requests that the Court dismiss Defendant's counterclaims as a sanction for alleged discovery violations, which include the failure to appoint a corporate representative to respond to discovery requests. Since the Court has dismissed Defendant's counterclaims on other grounds, however, Plaintiff's motion to dismiss Defendant's counterclaims as a sanction is moot.

## V. CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment and for dismissal of Defendant's counterclaims [dkt 13] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Defendant pay Plaintiff damages in the amount of $164,570.

IT IS FURTHER ORDERED that this case shall proceed with respect to Plaintiff's claim for statutory conversion.

IT IS SO ORDERED.

                                    S/Lawrence P. Zatkoff
                                    LAWRENCE P. ZATKOFF
                                    UNITED STATES DISTRICT JUDGE

Dated: May 19, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 19, 2011.

                                    S/Marie E. Verlinde
                                    Case Manager
                                    (810) 984-3290