# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GRAHAM MEDICAL TECHNOLOGIES, LLC,
a Michigan limited liability company, d/b/a
GRAMEDICA,

                Plaintiff,

v.

AKRON MEDICAL, INC., a Nevada corporation
d/b/a AMI,

                Defendant.

_____/

Case No. 2:09-cv-14905
Hon. Lawrence P. Zatkoff

## **ORDER**

This matter is before the Court on Plaintiff's motion for voluntary dismissal of its statutory conversion claim [dkt 33]. Defendant has not timely responded to Plaintiff's motion. The Court finds that the facts and legal arguments are adequately presented in Plaintiff's papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1 (f)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the following reasons, Plaintiff's motion is GRANTED.

On May 19, 2011, the Court entered an opinion and order granting summary judgment in Plaintiff's favor on all but one of Plaintiff's claims and ordered Defendant to pay Plaintiff $164,570 in damages. The Court held that a genuine dispute remained with respect to Plaintiff's claim for statutory conversion. According to Plaintiff, Defendant has indicated in pleadings that it is insolvent and unable to pay a money judgment. Since it appears to Plaintiff that recovering from Defendant is unlikely, Plaintiff wishes to dismiss its claim for statutory conversion and avoid further

expenditure of legal fees pursuing that claim.

Under Fed. R. Civ. P. 41(a)(2), an action may be dismissed at a plaintiff's request by court order on terms that the court considers proper. "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citation omitted). "The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment." *Id.* (citation omitted). "Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice[.]'" *Id.* (citations omitted). In determining whether a defendant will suffer legal prejudice, courts should consider the following factors:

(1)     The defendant's effort and expense of preparation for trial;

(2)     Excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action;

(3)     Insufficient explanation for the need to take a dismissal; and

(4)     Whether a motion for summary judgment has been filed by the defendant.

*Id.*

Under the circumstances of this case, the Court finds that the above factors weigh strongly in favor of granting Plaintiff's motion. First, Defendant has incurred minimal effort and expense in preparing for trial. Defendant has not served Plaintiff with written discovery, responded to Plaintiff's written discovery requests, or designated a corporate representative under Fed. R. Civ. P. 30(b)(6). Second, Plaintiff has been diligent in prosecuting this case and even attempted to conduct discovery in advance of the Court's scheduling conference in an effort to expedite the case. Third, Plaintiff has stated an adequate explanation for seeking the dismissal. It has already received a judgment for $164,570, and it believes recovery from Defendant is unlikely. Fourth, Defendant

has not filed a motion for summary judgment.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for voluntary dismissal of its statutory conversion claim [dkt 33] is GRANTED.

IT IS SO ORDERED.

                  S/Lawrence P. Zatkoff
                  LAWRENCE P. ZATKOFF
                  UNITED STATES DISTRICT JUDGE

Dated:  June 28, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 28, 2011.

                  S/Marie E. Verlinde
                  Case Manager
                  (810) 984-3290